IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 03-109-JJF |
| ERIC J. INGRAM, | : | |
| Defendant. | : | |

David C. Weiss, Esquire, United States Attorney and Christopher J. Burke, Esquire, Assistant United States Attorney of the UNITED STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware.

Attorney for Plaintiff.

Eric J. Ingram, Pro Se Defendant.

## MEMORANDUM OPINION

March 19, 2010

Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Petition For Writ Of Audita Querela With Incorporated Memorandum Of Law In Support Thereof (D.I. 84) filed by Defendant, Eric J. Ingram. For the reasons set forth below, Defendant's Petition For Writ Of Audita Querela will be denied.

I.  BACKGROUND

On February 9, 2005, Defendant was convicted by a jury of possession with the intent to distribute 50 or more grams of a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count One), possession with the intent to distribute a mixture and substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two), and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count Four). On July 27, 2005, the Court sentenced Defendant to 120 months imprisonment on Counts One and Two, to be served concurrently, and a term of 60 months imprisonment on Count Four, to be served consecutively to the term of imprisonment imposed on Counts One and Two. Defendant appealed, and the Third Circuit affirmed Defendant's conviction. (D.I. 74).

Defendant then filed a motion to reduce his sentence, which the Court denied. (D.I. 80, 83). Shortly thereafter, Defendant filed the instant Petition.

1

## II.  DISCUSSION

The writ of audita querela permits "a defendant to obtain relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (citations and additional quotation marks omitted).  The writ is available in criminal cases to the extent that it fills in gaps in the post-conviction system of relief.  Id.  If a defendant's claim is cognizable under a motion to vacate filed pursuant to 28 U.S.C. § 2255, he or she may not seek relief through a writ of audita querela to evade either the time limitations imposed by Section 2255 or the prohibition on the filing of a second successive petition.  Id.

In this case, Defendant seeks the issuance of the writ of audita querela on the basis of the Second Circuit's decision in United States v. Williams, 558 F.3d 166 (2d Cir. 2009) and United States v. Whitley, 529 F.3d 150 (2d Cir. 2008).  Relying on its decision in Whitley, the Second Circuit in Williams analyzed the "except clause" contained in Section 924(c)(1)(A)[1], and concluded

---

[1]  Section 924(c)(1)(A) provides:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or

2

that the mandatory minimum sentence referred to in that section is inapplicable in cases where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or same set of operative facts as the firearm offense that is the subject of Section 924(c). Defendant contends that the Court's five year sentence on the firearm charge (Count Four) to run consecutively to the ten-year mandatory minimum sentence on the drug trafficking charge (Count One) is contrary to <u>Williams</u> and <u>Whitley</u>.

In <u>United States v. Abbott</u>, the Third Circuit declined to follow the rationale of <u>Whitley</u> and held that the "except clause" of Section 924(c) "refers only to other [alternative] minimum sentences that may be imposed for violations of § 924(c) and not separate offenses" such as the sentence on the predicate offense

---

    dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime --

    (i) be sentenced to a term of imprisonment of not less than 5 years;

    (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

    (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

of drug trafficking. 574 F.3d 203, 208 (3d Cir. 2009). The Court is bound by the Third Circuit's decision in Abbott, and therefore, the Court concludes that Defendant has not established a defense or defect in his sentence that requires the issuance of the writ of audita querela. See also United States v. Mimms, 2009 WL 700415, *1 (W.D. Va. Mar. 17, 2009) (holding that the defendant was not entitled to a writ of audita querela on the basis of the Second Circuit's decision in Whitley, because Whitley is in direct contradiction with a decision of the Fourth Circuit, which was controlling).

Additionally, Defendant's claim could have been raised by a properly filed motion under Section 2255. That Defendant's claim would now be time-barred does not permit him to file a petition for the writ of audita querela. United States v. Jefferson, 332 Fed. Appx. 719 (3d Cir. 2009) (rejecting same claim as made by Defendant here and holding that the writ of audita querela may not be used to circumvent the AEDPA's gatekeeping requirements). To the extent Defendant suggests that he is also entitled to a writ of coram nobis or relief under the "saving clause" in 28 U.S.C. §2255, the Court likewise concludes that Defendant is not entitled to relief. Like the writ of audita querela the writ of coram nobis and the saving clause may not be used to avoid the AEDPA's gatekeeping requirements. Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (noting that "coram nobis is not

available when a petitioner is in custody and may not be used to avoid AEDPA's gatekeeping requirements"); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); see also Jackson v. Yost, 2009 WL 3236071, *2 (3d Cir. Oct. 9, 2009) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255). Further, the writ of coram nobis is not available to a defendant who is still in custody. Obado, 328 F.3d at 718.

## III. CONCLUSION

For the reasons discussed, the Court will deny Defendant's Petition For Writ Of Audita Querela With Incorporated Memorandum Of Law In Support Thereof.

An appropriate Order will be entered.